Filed 9/10/15  P. v. Garland CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E063303 |
| v. | (Super.Ct.No. FVI1400843) |
| CHRISTOPHER C. GARLAND, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Dwight W. Moore, Judge.  Affirmed.

Richard Jay Moller, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

**FACTUAL AND PROCEDURAL HISTORY**

A.    PROCEDURAL HISTORY

On March 6, 2014, a complaint charged defendant and appellant Christopher C. Garland with one count of making criminal threats under Penal Code section 422 (count

1

1).  The complaint also alleged that the offense was committed for the benefit of a gang (Pen. Code, § 186.22, subd. (b)(1)(B).)  The complaint further alleged that defendant had suffered one prison prior.  (Pen. Code, § 667.5, subd. (b).)

On May 21, 2014, defendant pled no contest to count 1 and admitted the gang allegation.  In exchange, the court sentenced defendant to the high term of three years, and stayed the gang enhancement.  The court imposed a restitution fine of $300 (Pen. Code, § 1202.4, subd. (b)); a parole revocation fine of $300 (Pen. Code, § 1202.45, subd. (b)); and security and criminal assessment fines totaling $60 (Pen. Code, § 1465.8, Gov. Code, § 70373).  The court granted defendant 21 days of actual credit and 20 days for good time credit for a total of 21 days.

On January 16, 2015, the court denied defendant's Proposition 47 petition under section 1170.18.

On April 14, 2015, we permitted defendant to file a late notice of appeal from the May 21, 2014, judgment, for which the trial court had granted defendant's request for a certificate of probable cause on November 10, 2014.

B.    FACTUAL HISTORY[1]

On September 8, 2013, defendant sent threatening text and voice mail messages to the victim, his ex-girlfriend and mother of his child.  A voice message left by defendant stated that he would go to the victim's house and shoot everyone in the house in the head if the victim did not let defendant see his son.  This message frightened the victim,

---

[1] Because defendant pled no contest, the facts are taken from the police report.

2

because defendant was an active gang member affiliated with the Westside Hawthorne Piru Gang of Hawthorne. Defendant's moniker was "Sdog."

The following are excerpts from defendant's text messages:

"[K]eep that cat around my son one day longer on my mother's soul youl regret it the rest of your life. . . . [¶] . . . [¶] . . . TRY ME. No threats a promise he around my son everybody a target." (*Sic.*)

"I will ruib your whole world forever . . . . [¶] [M]y will shall b done or kill me bitch. Your nothing to me now tell who u want it can't be stopped give me my son or get rid of that lil boy or im gonna destroy you. . . . [¶] . . . I'm ready to go bitch and I'll ensure you suffer forever before I go. I hate you and your family so give me a reason I bet I hurt u before I go. . . . [I]f blood don't stay away from my son, I'm dedecating my life to destroying u pronto bitch. I'll b up there sooner then u think it's a new day bitch." (*Sic.*)

"[O]n my mama I will have blood leaking and a lil homie will do it bitch. You fucked up now do you really wanna try me bitch? If so u and both yal families better move . . . ." (*Sic.*)

"Bye wet back and bitch. . . . [¶] . . . I dedicate my lifevto destroying you. Let the games begin. . . . I will die but I promise to destroy you. Bye bitch let's begin." (*Sic.*)

"Every one is a target bitch it will come just watch and see and it cannot be stopped. . . . [¶] . . . [¶] Ask about me in these streets bitch show this [photo of hand holding a handgun] to the pigs." (*Sic.*)

"[Photo of hand holding a handgun.] Tell lil fat boy do he wanna be in a wheel chair the rest of his life? You silly bitch you about to get that lil boy hurt. . . . [¶] [B]etter move ya kids . . . my life is meaningless without my kids so we all can suffer now bitch." (*Sic*.)

"I am going to destroy everything you love. You have my word. . . . [¶] [W]e can escalate this any way u want to bitch I ain't got shit to lose. Snitch go ahead dummy I'm a force now . . . . I can have a nigga for a crumb and a bone run in somebody's home and put one in their dome. . . . I destroyed all my enemies so u really think you ready? . . . . [S]ee u soon." (*Sic*.)

"I've done things u can only imagine. I welcome death . . . no force but death can stop me now I am destruction. . . . I can hurt u 100 miles away without lifting a finger. Think about what your doing or regret it forever." (*Sic*.)

"U better make sure I get life if u involve the pigs too, terrorist threats will only get me 4 to 6 with half bitch. . . . I cannot be controlled . . . . [M]ake sure blood ain't near my son." (*Sic*.)

## DISCUSSION

After defendant appealed, and upon his request, this court appointed counsel to represent him. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 setting forth a statement of the case, a summary of the facts, and potential arguable issues, and requesting this court to undertake a review of the entire record.

We offered defendant an opportunity to file a personal supplemental brief, and he has not done so.  Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no error.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

MILLER
J.


We concur:


McKINSTER
Acting P. J.


KING
J.


5